UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case Nos. 2:17-cr-20640-06
2:21-cv-12812

v.

HONORABLE STEPHEN J. MURPHY, III

DESHAUN TISDALE,

    Defendant.

_____/

**OPINION AND ORDER DENYING**
**MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [663]**

A jury found Defendant Deshaun Tisdale guilty of racketeering conspiracy in violation of 18 U.S.C. § 1962(d), assault with a dangerous weapon in aid of racketeering in violation of § 1959(a)(3), and use of a firearm during and in relation to a crime of violence in violation of § 924(c). ECF 503, PgID 3970. The Court sentenced Defendant to 252 months in prison. *Id.* at 3971.

Defendant timely moved to vacate his sentence under 28 U.S.C. § 2255. ECF 663. The Government responded to the petition. ECF 668. The Court need not hold a hearing for the motion. *See* E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will deny the motion.

**BACKGROUND**

Defendant challenged his sentence under 28 U.S.C. § 2255 on three grounds. First, Defendant claimed that racketeering conspiracy is not a crime of violence that could support his conviction under 18 U.S.C. § 924(c). ECF 663, PgID 7757–59.

1

Second, Defendant argued that a witness's refusal to testify denied him a meaningful chance to present a defense. *Id.* at 7759. And third, Defendant argued that the Court violated his Fifth Amendment rights based on bias as shown by the Court's denial of his pretrial motions. *Id.*

## LEGAL STANDARD

An individual sentenced by a federal court may seek to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. The statute provides four grounds for claiming relief: "(1) that the sentence was imposed in violation of the Constitution or [federal] laws, (2) that the [C]ourt [lacked] jurisdiction to impose [the] sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted). Generally, the motion must allege "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted).

## DISCUSSION

The Court will deny each claim in turn. After, the Court will deny a certificate of appealability and in forma pauperis status on appeal.

I. <u>Conviction under 18 U.S.C. § 924(c)</u>

Defendant's racketeering conspiracy conviction under 18 U.S.C. § 924(c) is a crime of violence. Section 924(c)(1)(A)(i) imposes a mandatory minimum sentence of

2

five years' imprisonment for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." If the firearm is discharged, as here, the mandatory minimum is ten years' imprisonment. § 924(c)(1)(A)(iii). A conspiracy to commit violent crimes will "qualif[y] as a crime of violence only if use of force is an element of the offense, and this excludes conspiracy charges." *United States v. Woods*, 14 F.4th 544, 552 (6th Cir. 2021) (citing *Manners v. United States*, 947 F.3d 377, 379 (6th Cir. 2020)).

Here, the jury convicted Defendant on count four, "assault with a dangerous weapon in aid of racketeering" under 18 U.S.C. § 1959(a)(3),[1] and on count five, "using and carrying a firearm during and in relation to [count four]" under 18 U.S.C. § 924(c). ECF 435, PgID 3377–78;[2] *see also* ECF 366, PgID 2212–13 (fourth superseding indictment detailing counts four and five). Because the VICAR assault with a dangerous weapon was the predicate offense for the conspiracy charge, Defendant's claim fails. *Woods*, 14 F.4th at 553 (holding that when VICAR assault with a deadly weapon is the predicate offense for a § 924(c) conviction, the conviction is "[properly based on [a] crime[] of violence under the § 924(c) elements clause"). To be sure, "[b]oth the indictment and jury instructions ensured that the jury knew the predicate offense[] [was] . . . VICAR assault with a deadly weapon, not the conspiracy

---

[1] The charge is also known as "VICAR with a dangerous weapon." *Woods*, 14 F.4th at 552. VICAR is the abbreviation for "Violent Crimes in Aid of Racketeering."
[2] The jury also found that a "firearm was discharged" and "brandished in connection with the commission of the offense." *Id.* at 3379.

3

charge." *Id.*; *see also* ECF 366, PgID 2212–13 (fourth superseding indictment); ECF 434, PgID 3368–69 (jury instructions). The Court will therefore deny the first claim.

II. <u>Meaningful Opportunity to Present Defense Claim</u>

The Court will also deny the second claim. At its core, Defendant alleged that the homeowner who shot a firearm at him when he was breaking into the homeowner's house should not have been allowed to invoke his Fifth Amendment right against self-incrimination and refuse to testify. ECF 663, PgID 7759; *see* ECF 544, PgID 5698–5701 (transcript of witness invoking Fifth Amendment). Defendant's counsel did not object to the witness invoking the Fifth Amendment. ECF 544, PgID 5700–01.[3]

In short, the claim fails because Defendant's right to present a defense must "bow to accommodate other legitimate interests in the criminal trial process" such as a witness's Fifth Amendment privilege against self-incrimination. *United States v. Serrano*, 406 F.3d 1208, 1215 (10th Cir. 2005) (collecting cases).

III. <u>Judicial Bias Claim</u>

The final claim of judicial bias easily fails. Defendant has offered no facts to show that the Court was biased against him during the trial. ECF 663, PgID 7759. Defendant must provide evidence that the Court "abandoned his role as an impartial

---

[3] If the Government were to raise procedural default as a defense to the second and third claims, the Court would find both claims in procedural default. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (Except for ineffective assistance of counsel claims, "claims not raised on direct appeal may not be raised on collateral review unless the [defendant] shows cause and prejudice.") (citations omitted); *see also McNeill v. Bagley*, 10 F.4th 588, 595 (6th Cir. 2021) ("Procedural default is generally an affirmative defense.") (citing *Trest v. Cain*, 522 U.S. 87, 89 (1997)).

arbiter." *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (quotation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted). Without facts to support the claim (other than the Court denying his pretrial motions),[4] the Court will deny it and dismiss the motion.

IV. Certificate of Appealability and Proceeding In Forma Pauperis on Appeal

To appeal the Court's decision, Defendant must obtain a certificate of appealability. To obtain a certificate of appealability, Defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Defendant must show that reasonable jurists could debate whether the Court should have resolved the § 2255 motion in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of Defendant's motion. The Court will therefore deny a certificate of appealability.

The Court will also deny Defendant leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to vacate sentence under 28 U.S.C. § 2255 [663] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

---

[4] The Sixth Circuit affirmed the Court's denial of Defendant's motion to suppress. ECF 614, PgID 7356–57.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **CLOSE** Civil Case No. 2:21-cv-12812.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: May 10, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 10, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager
